ERIC GRANT
United States Attorney
ROBERT L. VENEMAN-HUGHES
ANTONIO J. PATACA
LUKE B. BATY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>             v.<br><br>BRIDGETT MURPHY.<br><br>                    Defendant. | CASE NO.  1:25-CR-00132-JLT-SAB<br><br>STIPULATION TO SET CHANGE OF PLEA HEARING |

**STIPULATION**

1.      By previous order, this matter was set for status on June 3, 2026.

2.      By this stipulation, defendant now moves to vacate the status conference and set a change of plea hearing on June 29, 2026, and to exclude time between June 3, 2026, and June 29, 2026, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

        a)      The government has represented that the discovery associated with this case includes five volumes of initial and supplemental discovery. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

        b)      Counsel for defendant desires additional time to prepare for the change of plea hearing and conduct investigation into matters of extenuation and mitigation for sentencing.

        c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the

Stipulation                                                             1

exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

4.      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 3, 2026 to June 29, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated: April 24, 2026                          Respectfully submitted,

                                               ERIC GRANT
                                               United States Attorney


                                        By     */s/ Robert L. Veneman-Hughes, Antonio J.*
                                               *Pataca, and Luke B. Baty*
                                               ROBERT L. VENEMAN-HUGHES
                                               ANTONIO J. PATACA
                                               LUKE B. BATY
                                               Assistant United States Attorneys


Dated: April 24, 2026                   By:    */s/ Michael Aed*
                                               MICHAEL AED
                                               Attorney for Defendant
                                               Bridgett Murphy


Stipulation                                    2

ORDER

The status conference scheduled for June 3, 2026, is vacated and a change of plea hearing is set for **June 29, 2026 at 9:00AM in Courtroom 4 before District Judge Jennifer L. Thurston.** The defendant is ordered to appear. Any change of plea shall be filed one week prior to the June 29 hearing. To the extent that no plea agreement will be offered, then the parties must meet and confer to agree upon a factual basis upon which the defendant is pleading prior to the change of plea.

**IT IS FURTHER ORDERED THAT** the request for exclusion of time under the Speedy Trial Act ("Act") is denied and not excluded, as there exists no legal basis under the Act or Local Rules to substitute a "T Code" in place of the Act's requirement that a specific factual basis, coupled with the pertinent subsection for exclusion, be provided before a court can exclude time under the Act. Despite the use of the T Code, this stipulation fails to give factual specificity for the exclusion of time. It only provides conclusory language that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" without factual support. This denial of exclusion is without prejudice to a further stipulation of the parties setting forth the appropriate factual basis, along with the statutory section under the Act relied upon for the exclusion of time.

IT IS SO ORDERED.

Dated:   __**April 27, 2026**__                        _____

STANLEY A. BOONE
United States Magistrate Judge

Stipulation

3