ERIC GRANT
United States Attorney
ROBERT L. VENEMAN-HUGHES
ANTONIO J. PATACA
LUKE B. BATY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRIDGETT MURPHY.

Defendant.

CASE NO.  1:25-CR-00132-JLT-SAB

STIPULATION TO EXCLUDE TIME

**STIPULATION**

1.      By previous order, this matter was set for a status conference hearing on June 3, 2026.  By subsequent order, the Court vacated the status conference and set a change of plea hearing on June 29, 2026.

2.      By this stipulation, defendant now moves to exclude time between June 3, 2026, and June 29, 2026, under 18 U.S.C. §§ 3161(h)(1)(G) and (h)(7)(A).

3.      The parties agree and stipulate, and request that the Court find the following:

a)      On April 24, 2026, the parties filed a signed plea agreement.

b)      The government has represented that the discovery associated with this case includes five volumes of initial and supplemental discovery. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

c)      Counsel for defendant requires additional time to adequately prepare for the anticipated change-of-plea hearing and to conduct necessary investigation into matters of extenuation and mitigation relevant to sentencing.  This additional preparation is essential to ensure effective

Stipulation

1

assistance of counsel, including reviewing discovery with the defendant, advising her regarding the consequences of a guilty plea, and gathering information bearing on potential sentencing arguments. Counsel further indicates that without this continuance, he will not have sufficient time to complete these tasks with the diligence required for a fully informed and voluntary plea.

d)    Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)    The government does not object to the continuance.

f)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

4.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 3, 2026 to June 29, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(G) and (h)(7)(A) because it results from a continuance granted by the Court for consideration by the Court of a proposed plea agreement and is at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated: April 29, 2026

Respectfully submitted,

ERIC GRANT
United States Attorney

By    */s/ Robert L. Veneman-Hughes, Antonio J. Pataca, and Luke B. Baty*
ROBERT L. VENEMAN-HUGHES
ANTONIO J. PATACA
LUKE B. BATY
Assistant United States Attorneys

Stipulation

2

Dated: April 29, 2026                    By:    */s/ Michael Aed*
                                                MICHAEL AED
                                                Attorney for Defendant
                                                Bridgett Murphy

ORDER

IT IS SO FOUND AND ORDERED THAT:

The time period of June 3, 2026 to June 29, 2026, inclusive, is excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(G) upon finding that the delay results from consideration by the Court of a proposed plea agreement filed on April 24, 2026, and upon a finding of good cause pursuant to 18 U.S.C.§ 3161(h)(7)(A) that counsel for defendant requires additional time to adequately prepare for the anticipated change-of-plea hearing and to conduct necessary investigation into matters of extenuation and mitigation relevant to sentencing.

IT IS SO ORDERED.

Dated:   **April 29, 2026**

STANLEY A. BOONE
United States Magistrate Judge

Stipulation